# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SYLVAN A. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-627-HE |
| | ) | |
| ACCOUNT MANAGEMENT RESOURCES, | ) | |
| L.L.C., d/b/a CREDIT COLLECTIONS, INC., | ) | |
| and BRADLEY V. FUDGE, d/b/a CREDIT | ) | |
| COLLECTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action against defendant Account Management Resources and Bradley V. Fudge, asserting claims under the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Defendants filed an answer which asserted several affirmative defenses. Plaintiff has filed a motion to strike under Fed.R.Civ.P. 12(f), seeking to strike three of Account Management Resources' defenses.

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense . . . ." "Motions to strike are a severe remedy, and as such are generally disfavored." Sender v. Mann, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" Id. (quoting Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). A court "should decline to [strike] unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties." Rubio

ex. rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

Plaintiff objects to three affirmative defenses, claiming that he is unduly prejudiced for having to exert time and resources to determine the applicability of the defenses. The court has considerable doubt as to the necessity of dealing with such issues at such an early stage of the litigation, as it seems the effort and time expended on this issue could best be spent elsewhere. Still, the court has examined the defenses and the parties' arguments, and concludes that it need not strike any defense.

First, plaintiff objects to defendant's defense that plaintiff fails to state a claim. Plaintiff argues that defendant has not pleaded facts to show which claims fail. This affirmative defense is related to the controversy in this case, as it goes to whether plaintiff has actually stated a claim. And as far as prejudice, plaintiff need not address this issue unless and until defendant files a motion to dismiss under Fed.R.Civ.P. 12(b)(6). An answer to a complaint is not a motion under Rule 12. It requires no response to avoid dismissal. There is no need to strike that defense.

Second, plaintiff objects to defendant's defense that any violation of the FDCPA was unintentional. While the affirmative defense is itself set out in the FDCPA, plaintiff claims that defendant has not pleaded facts to make that affirmative defense viable. As noted above, a defense should not be stricken if there is any real doubt as its validity. Here, the court readily concludes that this affirmative defense is likely valid. Defendant's failure to provide detailed factual allegations supporting that defense does not necessitate striking it.

Finally, plaintiff challenges defendant's request for fees and costs, claiming that defendant has not established a potential entitlement to such fees and costs.  Again, the court need not strike this affirmative defense.  While defendant has not yet established that it may be entitled to fees and costs, plaintiff is not prejudiced by the inclusion of that defense and the defense is related to the suit, as fees and costs are awardable under certain provisions of the FDCPA.

Plaintiff's motion to strike [Doc. #8] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2017.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE